**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 23 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL SENA,

      Petitioner-Appellant,

v.

JOE R. WILLIAMS, Warden, Lea
County Correctional Facility;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 00-2241
(D.C. No. CIV-00-572-LH/LFG)
(New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **EBEL**, and **BRISCOE**, Circuit Judges.

---

Michael Sena appeals from the district court's dismissal, *sua sponte*, of his

petition for a writ of habeas corpus. For the reasons stated below, we deny Mr.

Sena's applications to proceed *in forma pauperis* and for a certificate of

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

appealability, and we dismiss the appeal.

Mr. Sena pled guilty in state court to two counts of trafficking in heroin and one count of trafficking in cocaine. He also admitted that he had three prior felony convictions. He was sentenced by the court to fifteen years in prison, nine years for the current offenses plus an eight-year habitual offender enhancement, with two years unconditionally suspended. Mr. Sena chose not to directly appeal his plea bargain, but he filed a state habeas corpus petition for post-conviction relief. In that petition, Mr. Sena contended this sentence violated the terms of his plea agreement. That plea agreement stated Mr. Sena would admit the three prior felonies, the district attorney would file "any applicable habitual criminal charge permitted by New Mexico law," and the district attorney would recommend that Mr. Sena be sentenced to between eight and fifteen years in prison. Rec. Vol. 1, Doc. 1, attachment 1. The state court examining Mr. Sena's habeas case held that "the sentence imposed comports with the limitations of the plea agreement and does not violate the plea agreement" and dismissed his petition accordingly. *Id.*

Mr. Sena then filed an application for a writ of habeas corpus in federal district court. He made the same argument in the federal habeas proceeding as he made in the state proceeding – that the habitual offender enhancement of his sentence violated his plea bargain. Mr. Sena made no argument that federal law had been misapplied nor that an unreasonable factual determination had been

-2-

made by the state court, as 28 U.S.C. § 2254(d)(1) and (2) require. Therefore, the district court concluded that Mr. Sena's petition simply attempted impermissibly to relitigate a state postconviction proceeding and presented no federal grounds for relief. Rec. Vol. 1, Doc. 4 at 2.

On appeal, Mr. Sena again presents no basis for federal relief. First, he reasserts arguments made below and in state court regarding his sentence enhancement, which, as the district court rightly held, does not meet the requirements for federal habeas review. Second, he argues that the dismissal of his petition *sua sponte* by a district court judge other than the one originally assigned to the case violates his due process rights. This circuit has consistently held, in accordance with federal law and rules of procedure, that "'Each judge of a multi-district court has the same power and authority as each other judge . . . . Moreover, the District Judges have the inherent power to transfer cases from one to another for the expeditious administration of justice.'" *United States v. Diaz*, 189 F.3d 1239, 1244 (10th Cir. 1999)(internal quotations and citations omitted).

To proceed *in forma pauperis* on appeal, an appellant must demonstrate "a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." Mr. Sena's appeal is neither reasoned nor nonfrivolous in its arguments and we therefore **DENY** his petition to proceed *in forma pauperis*. Similarly, in

-3-

order to obtain a certificate of appealability, an appellant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Sena has made no such showing and his request for a certificate of appealability is **DENIED**. Accordingly, the appeal is hereby **DISMISSED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge